UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS BALLESTEROS-DUARTE,<br><br>Petitioner,<br><br>v.<br><br>DAVID BREWER,<br><br>Respondent. | No. 2:22-cv-1836 AC P<br><br><br><br>ORDER |

Petitioner, a federal prisoner, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, together with a request to proceed in forma pauperis.

I.      Application to Proceed In Forma Pauperis

Examination of the application reveals petitioner is unable to afford the costs of this action. ECF No. 2. Accordingly, leave to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a).

II.     Background

Petitioner is an inmate currently housed at the Federal Correctional Institution-Herlong (FCI-Herlong). ECF No. 1. He was sentenced to a term of 96 months in prison in the Western District of Missouri for possession with intent to distribute 500 grams or more of methamphetamine. Id. at 1. He currently has a projected release date of September 2, 2024. Id.

////

### III. Petition

Petitioner asserts that he has earned the maximum 365 days of time credits under the First Step Act (FSA) and is eligible to have these credits applied toward pre-release custody or supervised release. ECF No. 1 at 2-3. However, the Bureau of Prisons (BOP) refuses to apply the credits, instead advising petitioner that while he is eligible to earn time credits, he is not eligible to have them applied because he has a lodged detainer with Immigrations and Customs Enforcement or unresolved immigration status issues. Id. at 3-6. Petitioner argues that the FSA precludes inmates subject to a final order of deportation from having time credits applied, not inmates with a detainer or unresolved immigration issues. Id. He states that in an attempt to exhaust his administrative remedies he "has raised this issue with staff at Herlong, including the warden," but has yet to receive a response. Id. at 3, 7.

### IV. First Step Act

The First Step Act of 2018[1] (FSA) was created and implemented by Congress to further criminal justice reform and was enacted on December 21, 2018. Under the FSA, the Attorney General, in consultation with the Federal Bureau of Prisons and other federal entities, was tasked, in relevant part, to review existing prison risk and needs assessment systems and to develop recommendations regarding evidence-based recidivism reduction (EBRR) programs and productive activities (PAs) that were the most effective at reducing recidivism. See 18 U.S.C. § 3631(a)-(b). The assessment system developed was also tasked with determining when to provide incentives and rewards for successful participation in EBRR programs and PAs, as well as with determining when to transfer prisoners into prerelease custody or supervised release. See 18 U.S.C. § 3632(a)(6)-(7).

Under the FSA, when a prisoner successfully completes an EBRR program or a PA, he earns 10 days for every 30 days of successful participation. 18 U.S.C. § 3632(d)(4)(A)(i). In addition, if the BOP has determined a prisoner is at a "minimum" or "low" risk of recidivating, and he has not increased his risk of recidivism over two consecutive assessments,[2] he will earn an

---

[1] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

[2] Risk assessments and level adjustments for prisoners participating in EBRR programming and

additional 5 days of time credit for every 30 days he has participated in EBRR programming or PAs. 18 U.S.C. § 3632(d)(4)(A)(ii). Time credit cannot be earned for an EBRR program that a prisoner successfully completed before the enactment of the FSA or during official detention prior to the date a prisoner's sentence began. 18 U.S.C. § 3632(d)(4)(B). The time credit awarded for EBRR programming and PAs is to be applied only to prerelease custody or supervised release. 18 U.S.C. § 3632(d)(4)(C). Eligibility for application of earned time credits includes having earned credits "in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment." 18 U.S.C. § 3624(g)(1)(A).

## V.     Discussion

The Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b). Rule 4 of the Habeas Rules requires the court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." "[A] petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted." Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971) (citations omitted).

### A.     Standing and Ripeness

"Article III of the Constitution limits the 'judicial power' of the United States to the resolution of 'cases' and 'controversies.'" Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 471 (1982). "Standing under Article III of the Constitution requires that an injury be concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." Monsato Co. v. Geertson Seed Farms, 561 U.S. 139, 149 (2010) (citation omitted). "[I]f in the course of litigation a court finds that it can no longer provide . . . any effectual relief, the case generally is moot." Uzuegbunam v. Preczewski, 141 S. Ct. 792, 796 (2021).

Petitioner alleges the BOP has determined he is ineligible to apply his earned FSA time

---

PAs are to occur no less often than annually. 18 U.S.C. § 3632(d)(5).

credits solely because he has a lodged detainer or unresolved immigration issues. It is true that the BOP did at one time take the position that inmates with detainers or unresolved immigration status issues were ineligible to have FSA credits applied. Fed. Bureau of Prisons, Program Statement No. 5410.01, First Step Act of 2018 - Time Credits: Procedures for Implementation of 18 U.S.C. 3632(d)(4) at 13, 16 (Nov. 18, 2022), https://www.bop.gov/policy/progstat/5410_01.pdf. However, on February 6, 2023, after the instant petition was filed, the BOP issued a change notice to the program statement in which it deleted the requirement that inmates have no detainers or unresolved immigration status issues in order to have FSA time credits applied to their sentence. Fed. Bureau of Prisons, Change Notice No. 5410.01 CN-1, First Step Act of 2018 - Time Credits: Procedures for Implementation of 18 U.S.C. 3632(d)(4) at 2, 17, 20 (Feb. 6, 2023), https://www.bop.gov/policy/progstat/5410.01_cn.pdf. Thus, petitioner is no longer barred from having earned FSA time credits applied to his sentence due to the detainer or unresolved status issues, and the basis for the petition has been rendered moot. Petitioner therefore lacks standing and the petition should be dismissed.

To the extent that petitioner takes issue with any future application of FSA time credits to his sentence, the claim is not ripe for review. Petitioner has a projected release date of September 2, 2024. That date is approximately one year and three months into the future and petitioner claims he is entitled to 365 days of FSA time credits, which is not equal to the remainder of his prison term. He is therefore not eligible to apply FSA time credits at this time, and the claim is unripe. See 18 U.S.C. § 3624(g)(1)(A) (prisoner eligible to apply credits when they are equal to remainder of term of imprisonment).

B. Failure to Exhaust

"Federal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for a writ of habeas corpus in federal court." Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986) (per curiam). However, because the exhaustion requirement was judicially created, it is not jurisdictional and "the district court must determine whether to excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative

remedies before proceeding in court." Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990), overruled on other grounds by Reno v. Koray, 515 U.S. 50, 54-55 (1995). "Exhaustion is not required if pursuing those remedies would be futile." Fraley v. United States Bureau of Prisons, 1 F.3d 924, 925 (9th Cir. 1993) (citation omitted).

The BOP's administrative remedies process is comprised of four steps. The first step is a request for informal resolution. 28 C.F.R. § 542.13. If informal resolution procedures are unsuccessful, the inmate may then submit a formal request for administrative remedy at the institutional level. Id. § 542.14. If the inmate is not satisfied with the warden's response, he may appeal to the regional director. Id. § 542.15(a). The regional director's response may be appealed to general counsel. Id.

Petitioner states that he has raised the issue of his FSA time credits with institutional staff and sent an email to the warden but has not yet received a response. ECF No. 1 at 3, 7. He asserts that because this is a facility-wide issue, he is proceeding with his petition without waiting for a response because "it is understandable that this warden will not respond to written requests fro[m] inmates until the Court has ruled on this wide spread [sic] issue." Id. at 3. Thus, the claims are unexhausted on the face of the petition.

The exhaustion requirement "is not lightly to be disregarded." Murillo v. Mathews, 588 F.2d 759, 762 n.8 (9th Cir. 1978) (addressing non-jurisdictional exhaustion requirement in social security cases) (citation omitted). A "key consideration" in exercising discretion to excuse the requirement is whether "relaxation of the requirement would encourage the deliberate bypass of the administrative scheme." Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004) (citation omitted). In this case, petitioner essentially contends that exhaustion is futile because the BOP will not respond to his grievance until the court rules on the issue and the BOP's position that he is barred from applying earned FSA time credits is established policy. See ECF No. 1 at 3, 7. Petitioner provides no basis for his contention that the BOP will not respond absent a ruling from the court, and as set forth above, the BOP has since altered its position on the matter and petitioner is not barred from applying earned FSA time credits. Therefore, exhaustion in this case would not be futile, and the exhaustion requirement should not be excused.

C. <u>Conclusion</u>

As set forth above, since the filing of the petition, the BOP has changed its position on the eligibility of inmates with detainers and unresolved immigration status issues to apply earned FSA time credits, rendering the petition moot. Alternatively, the petition demonstrates on its face that it is unexhausted and petitioner has not demonstrated that grounds exist to excuse the exhaustion requirement. For these reasons, the petition should be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's request to proceed in forma pauperis (ECF No. 2) is GRANTED; and

2. The Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that the petition be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court. Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 23, 2023

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE